**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**


PENNSYLVANIA NATIONAL MUTUAL    :
CASUALTY INSURANCE COMPANY      :
                                    :
v.                               :   Civil Action WMN-04-3602
                                    :
ROWHOUSES, INC., <u>et al.</u>       :
                                    :
                                    :
                                    :

**<u>MEMORANDUM</u>**

On March 15, 2006, this Court granted a consent motion to extend the discovery deadline.  In that motion Plaintiff maintained that, "[a]t least one deposition, and possibly as many as four additional fact witness depositions remain to be taken." Paper No. 34, Mot. ¶ 2.  Plaintiff noted that additional time was necessary, in part, because of delays in obtaining transcripts of the trial testimony in the underlying tort action held in Baltimore City; the court reporter allegedly had failed to produce the transcripts within the time promised.  <u>Id.</u>  The discovery deadline was extended six weeks, to April 26, 2006.

On April 26, 2006, Plaintiff filed a second motion to extend the discovery deadline.  Plaintiff requests that the discovery deadline be extended six weeks to June 7, 2006, and that the dispositive pretrial motions deadline be moved to July 12, 2006.[1] Plaintiff again maintains that, "[a]t least one deposition, and

---

[1] The current discovery deadline was April 26, 2006, and the dispositive pretrial motion deadline is June 26, 2006.

possibly as many as four additional fact witness depositions remain to be taken."  Plaintiff maintains that the case manager preparing for the corporate designee deposition had quadruple bypass surgery and Plaintiff's counsel has not yet been able to identify and prepare an alternative corporate designee. Defendant does not object to conducting a corporate designee's deposition after the close of discovery, as long as it does not interfere with setting a schedule for summary judgment briefing, any settlement conference, and trial.

Plaintiff maintains that it still has not received all the requested transcripts from the underlying case and that it has waited to depose additional factual witnesses because the "transcripts may obviate the need for the time and expense of the additional fact witness depositions."  Paper No. 37, Mot. ¶ 3. Defendant opposes a general continuation of discovery and argues that the trial in the underlying case from which Plaintiff is waiting for a transcript ended in September 2004 and a transcript could have been ordered any time since then.  Opp'n ¶ 3.

Plaintiff does not specify the provision under which it brings its motion to extend discovery.  The Court assumes that the motion is brought under Fed. R. Civ. P. 6(b), which allows the Court to enlarge time in its discretion for cause shown.  The Court will allow Plaintiff another extension of time to obtain the necessary depositions but cautions that it is unlikely that

it would grant any more extensions.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
Dated: May 11, 2006.